## Town of Farmington *v.* Jones.

Where the minor daughter of the defendant was residing, with his consent, at the house of another, and was there taken with the small-pox, and the health officers of the town established the house where she was as a pest-house, and detained her there with other patients, it was held that the town could not maintain an action against the defendant for the support furnished his daughter while thus detained.

ASSUMPSIT, for medical attendance, board, &c., of the defendant's daughter, when sick of the small-pox, and supported by the town from April 7, 1856, to May 3, 1856.

The cause was referred to an auditor, and submitted to the court upon his report, which states the following facts:

The defendant resided in Middleton, in the county of Strafford, and his daughter, Pamelia Jones, being over eighteen and under twenty-one years of age, was, with other persons, sick of the small-pox at the house of Albert Ricker, in Farmington. She went voluntarily to Ricker's house, before it was known that she, or any other person, had the small-pox. The health officers of Farmington did not permit the inmates of the house to leave it, while sick of the small-pox, and established rules and regulations in relation to it as a pest-house, to prevent people from going in and out. The support for which the plaintiffs claim was furnished the defendant's daughter, while sick of the small-pox, and thus detained at Ricker's house by the officers of the town.

The court ordered a nonsuit, to which the plaintiffs excepted.

PERLEY, C. J. This action is not brought under the statute to recover against the father for support furnished his child as a pauper. In such case the declaration should allege that the child was poor, and stood in need of relief; that the notice required by the statute was given, and that the father was of sufficient ability. These facts are not alleged in the declaration, nor found by the auditor's report.

It does not appear that the support was furnished at the defendant's request, or that he has made any express promise to

Town of Farmington *v.* Jones.

pay. The plaintiffs must rely upon a promise implied in law, from the facts stated in the report of the auditor.

If a father neglect his duty to furnish necessaries for his infant children, any person who furnishes the necessary supplies is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied contract to pay. But in order to authorize any person to act for the parent in such a case, there must be a clear and palpable neglect of duty in that respect, on the part of the parent. *Pidgin* v. *Cram*, 8 N. H. 353.

In this case we find nothing to show that the defendant was guilty of any such clear and palpable neglect of duty. As his infant daughter was under the legal control of her father, it may be presumed that it was with his knowledge and consent that she went to Ricker's house. But he could not then have supposed that she would need the assistance which the accidental occurrence of the small-pox there afterwards made necessary. He did not, therefore, place his daughter in a situation where he could have anticipated that she would require the support furnished by the plaintiffs. After Ricker's house was converted, by the authorities of the town, into a pest-house, the regulations established under the statute prevented the defendant from attending personally to the wants of his daughter; and no demand appears to have been made on him for aid, nor any notice given him that she needed it. Under these circumstances it is quite impossible to hold that he clearly and palpably neglected his parental duty.

Besides, it cannot be pretended that the authorities of the town, in this case, came to the relief of the defendant's daughter because her father had neglected his parental duty to supply her with necessaries. The law gave them no authority to detain the defendant's daughter in a pest-house for that purpose. They secluded her and the other inmates of the house from their friends, and supported them there on the public account, and for the public object of preventing the spread of the infectious disease in the town and neighborhood. The pest-house was not

established for the relief of needy persons, nor for those who were sick there with the infectious disease. The supplies were made more necessary by the action of the town, which was taken, not for the benefit of the defendant, or his daughter, but for the general public security against the dissemination of the disease, with which the daughter was accidentally taken while in the town.

*Judgment on the report for the defendant.*